## LEVIN K. PERSON *v.* C. M. RUTHERFORD.

*Facts*—under which, acts of agent were held to bind principal.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.　*Clark & Bayne*, for plaintiff and appellant.　*Olcott & Smith*, for defendant.

SPOFFORD, J.  We would not disturb the judgment of non-suit in this case, if we could view the conduct of the defendant's agents in the same light in which it appears to have been considered by the District Judge.

On the evidence as it stands, we think the defendant ought to be bound by the act of his agents, whom he left in charge of his slave-mart in New Orand who, on an order given by the plaintiff's factors in favor of *Rutherford* himself, took the slave in question from the steamboat and again put her on the market for sale.

At any rate, when the plaintiff had thus given notice that he returned the slave on account of a redhibitory vice, and when the defendant's agents had received her and offered her for sale to others, if the sale was really cancelled, it was the manifest duty of the defendant to have notified the plaintiff's agents, residing in New Orleans, of her serious illness, to have given her all requisite medical attention and as it could so readily have been procured to have had a *post mortem* examination.

The conduct of the defendant's agents in these particulars has shifted the burden of proof from the plaintiff's shoulders to his own; and, in spite of the obscurity of the evidence as to the malady, we think, under the peculiar state of facts, that the plaintiff should recover.

The girl was sold at $750, and the plaintiff's expenses were $25.

It is therefore ordered and decreed that the judgment of the District Court be reversed, and that the plaintiff recover of the defendant the sum of seven hundred and seventy-five dollars with legal interest from judicial demand and costs in both courts.